UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MELVIN R. ARRANT, | ) | NO.  CV 17-393-JVS (AGR) |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| G. RICHARDSON, et al., | ) | |
| Defendant. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, the records on file, and the Report and Recommendation of the United States Magistrate Judge.  The Magistrate Judge recommends that Defendants' motion for summary judgment based on failure to exhaust administrative remedies be denied with respect to Defendant Richardson and granted with respect to Defendant Soisuvarn. Defendant Richardson and Plaintiff have each filed objections.  The Court has engaged in a *de novo* review of those portions of the Report to which objections were made.  The Court accepts the findings and recommendations of the Magistrate Judge.

Defendant Richardson objects to the Magistrate Judge's conclusion that Plaintiff's July 26, 2015 grievance, read together with his response to the appeal office's "screen out" of that grievance for insufficient specificity, sufficiently put the prison on notice of his retaliation claim against Richardson.  The Report found that

1  although Plaintiff's grievance predated Richardson's issuance of a "falsified" Rules

2  Violation Report ("RVR"), the grievance mentioned Richardson's threats to fire

3  inmates who complained about his racial slurs and sexual harassment, and Plaintiff's

4  response to the "screen out" letter stated that Richardson issued him an RVR "to get

5  [Plaintiff] fired for reporting his conduct." (Report at 11.) Although the response did

6  not say that the RVR was "falsified" and erroneously gave its date as July 20, 2015

7  rather than July 30, 2015, there is no merit to Richardson's argument that these

8  deficiencies precluded prison officials from realizing that Plaintiff claimed that

9  Richardson issued the RVR in retaliation for his July 26, 2015 grievance. *See Griffin*

10 *v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (grievance must "alert[] the prison to

11 the nature of the wrong for which redress is sought").

12     Richardson further argues that the Report's reliance on Plaintiff's response to

13 the "screen out" letter runs afoul of the Supreme Court's holding that the Prison

14 Litigation Reform Act requires "proper exhaustion" in accordance with the agency's

15 procedural rules. (Richardson Obj. at 5, *citing Woodford v. Ngo*, 548 U.S. 81, 83-84

16 (2006)). He cites 15 Cal. Code Regs. § 3084.1(b), which provides that

17 "administrative remedies shall not be considered exhausted relative to any new issue,

18 information, or person later named by the appellant that was not included in the

19 originally submitted CDCR Form 602." Richardson's argument is unpersuasive. The

20 July 26, 2015 grievance mentioned potential retaliation by Richardson, and Plaintiff

21 added the information about the RVR after the appeals office rejected his grievance

22 for insufficient specificity and before it was accepted at the first level. This was not a

23 new issue or new information within the meaning of § 3084.1(b).

24     Plaintiff objects to the Magistrate Judge's conclusion that he did not exhaust

25 his retaliation claim against Defendant Soisuvarn, who allegedly collaborated with

26 Richardson on the retaliatory RVR and signed it as a reviewing supervisor. He points

27 out that his July 26, 2015 grievance requested that he not be retaliated against for

28 submitting it. (Plaintiff Obj. at 3.) As discussed in the Report, that grievance

concerned Richardson's misconduct and threats to retaliate against inmates who complained about it. Soisuvarn was not mentioned. Plaintiff did not file a grievance regarding Soisuvarn after learning of the RVR, and did not mention Soisuvarn in his responses to the "screen outs" of the July 26, 2015 grievance. The Magistrate Judge properly found that the grievance did not give the prison notice of Plaintiff's retaliation claim against Soisuvarn.

Plaintiff also argues that after his disciplinary hearing there was "nothing to grieve." (Plaintiff Obj. at 5.) On August 8, 2015, Plaintiff was acquitted of the charged disciplinary offense and found guilty of a lesser administrative offense, but that lesser charge was dismissed and reported only as custodial counseling. (Surreply, Ex. D.) A retaliation claim asserts a different harm from a claim challenging a disciplinary punishment. *See Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997); *see also Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) (threat of harm may support retaliation claim even if not carried out). Plaintiff was obliged to exhaust his retaliation claim against Soisuvarn regardless of the outcome of his disciplinary hearing.

Richardson's and Plaintiff's other arguments are without merit.

IT IS ORDERED that (1) Defendant Richardson's motion for summary judgment is denied; and (2) Defendant Soisuvarn's motion for summary judgment is granted and the claims against him are dismissed, without prejudice, for failure to exhaust administrative remedies.

DATED: January 28, 2019

JAMES V. SELNA
United States District Judge